**Alfred A. BROWN, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 65–413.**

United States District Court
N. D. Alabama, S. D.

Dec. 30, 1965.

---

Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiff.

Macon L. Weaver, U. S. Atty., Northern District of Alabama, Birmingham, Ala., for defendants.

ALLGOOD, District Judge.

Plaintiff, Alfred A. Brown, brings this action pursuant to the provisions of Section 205(g) of the Social Security Act, as amended, [42 U.S.C.A. § 405(g)], to have this court review a final adverse decision of the Secretary of Health, Education and Welfare.

On June 11, 1965, Joseph E. McElvain, Chairman, Appeals Council of the Bureau of Hearings and Appeals, in holding that the plaintiff is not entitled to a period of disability or to disability insurance benefits under the provisions of Sections 216(i) and 223, respectively, of the Social Security Act, as amended, [42 U.S. C.A. §§ 416(i) and 423], for which he filed an application on July 9, 1963, rendered a final decision of the Secretary in which the following findings were made:

"After careful consideration of all the evidence now of record, including the contentions of the claimant's attorney, the Appeals Council makes the following findings of fact:

1. The claimant had complicated pneumoconiosis during the effective period of his application.

2. In view of this condition, the claimant could not have returned to his regular occupation in the coal mines during the period at issue.

3. The medical evidence of record is in conflict with regard to the severity of the claimant's pulmonary disorder and the degree to which it restricted his physical activities.

4. In view of this conflict in the medical evidence, it was not possible to reach any conclusions concerning what other types of work, if any, the claimant could perform.

5. There is a reasonable probability that the blood gas studies requested by the Appeals Council would resolve the foregoing conflict in the medical evidence, thereby enabling the Council to make a determination as to whether the claimant had the residual capacity to perform other types of substantial gainful activity.

6. Under section 404.1527 of Social Security Administration Regulations No. 4, the claimant's refusal to submit to the additional tests, without good cause, constitutes a basis for finding him not under a disability.

7. There was no 'good cause' for the claimant's refusal to submit to the special examination requested by the Appeals Council and, therefore, the claimant was not under a 'disability,' as defined in the Act, at any time for which his application of July 9, 1963, was effective."

While the Appeals Council was correct in its insistence that plaintiff submit to additional medical tests, it appears that

plaintiff's refusal to do so was based on advice of counsel.

This case has been pending since July 9, 1963. The plaintiff will continue to meet the earnings requirements through June 30, 1967. Another application for benefits could be filed; however, taking into consideration all of the circumstances involved here, it would seem more equitable for this court to remand the case to the Secretary with instructions that plaintiff be given an opportunity to submit to such additional medical evaluation and examination as the Secretary may direct. Should the plaintiff fail to do so promptly, summary judgment for the Secretary will be directed upon receipt of a proper motion.

An appropriate order of remand will be entered.