Edgar L. MORGAN, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 1910.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

Jan. 26, 1967.

———◆———

Robert E. Arrington, Hattiesburg, Miss., for plaintiff.

Robert E, Hauberg, U. S. Atty., and E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for defendant.

**WILLIAM HAROLD COX**, Chief Judge.

The plaintiff (born March 26, 1908) is a white, well nourished male person with a third grade education who sues for social security benefits and to establish a period of disability.[1] The ap-

1. This suit was instituted to review the social security claim of the plaintiff which had been denied by the Secretary under the provisions of 42 U.S.C., 1958 ed., § 401 et seq. Disability is defined under said act in § 416(i) and § 423(c) (2).

Those sections containing those definitions were amended July 30, 1965 so that the last clause in said definition reads: "Or has lasted or can be expected to last for a continuous period of not less than 12 months."

plication is dated March 5, 1963. All earnings requirements were met until December 31, 1963. The applicant contended that he had back trouble and numbness of his left leg and was totally disabled within the meaning of the act. All relief requested was denied by the Secretary. The case was remanded by this Court on March 17, 1965 to the Secretary for a rehearing and further consideration and to enable the applicant to improve his showing, if possible. The case was reheard and the Secretary again decided that the plaintiff was not disabled within the meaning of the act either before or after the 1965 amendment to the act.

It is significant to the Court throughout this record that the applicant steadfastly refused to allow a myelogram test to be made although orthopedic surgeons said that it was necessary to determine whether or not there should be an operation on his back. The applicant was adamant that there would be no test and no operation.[2] It must be assumed that this failure to cooperate was occasioned by a knowledge that nothing was wrong with his back which needed any treatment.[3] One of these highly

2. Brown v. Gardner, D.C., 249 F.Supp. 968. Where disability benefits claimant had refused to submit to additional medical test on advise of counsel, cause was to be remanded to Secretary to give claimant opportunities to submit to such additional medical evaluation and examination as Secretary might direct, but if claimant failed to do so promptly Secretary would be entitled to summary judgment.

Morse v. Celebrezze, D.C., 235 F.Supp. 810. Where claimant of disability insurance benefits has refused to accept treatment or surgery for allegedly disabling condition, Secretary of Health, Education and Welfare should make an express determination of whether such refusal is reasonable.

In regulations adopted pursuant to 42 U.S.C.A. § 423(c) (2), "disability" has been further defined to include only those impairments which are not reasonably remedial.

"An individual will be deemed not under a disability if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in any substantial gainful activity." 20 CFR § 404.1502(g).

Stephens v. Ribicoff, (4 CA) 307 F.2d 304. "To be entitled to disability payments, the claimant must show that he is unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *.' 42 U.S.C.A. § 416(i) (1) (A) and sec. 423(c) (2). An impairment which is readily remediable does not qualify as one 'of long-continued, indefinite duration.' Bradey v. Ribicoff, 298 F.2d 855, 857 (4th Cir. 1962). [Certiorari denied 370 U.S. 951, 82 S.Ct. 1601, 8 L.Ed.2d 817.]"

Jarrett v. Celebrezze, 233 F.Supp. 282. Where claimant for disability benefits under Social Security Act made no showin that her orthopedic impairment was not remedial and refused to take steps to determine what medicine, surgery or psychiatry could do to restore her ability to earn, claimant had duty to do so before she could claim disability.

"In this case the Court had before it a seeker of benefits who refuses to have a *myelogram* which would determine whether the back impairment is disabling, or could be relieved by surgery."

"Not until treatment has been tried and is found unavailing can it be said, on the record here, that a reasonable certainty of permanence appears." Ward v. Celebrezze, (5 CA) 311 F.2d 115. Bradey v. Ribicoff, (4 CA) 298 F.2d 855.

Bradey v. Ribicoff, (4 CA) 298 F.2d 855. "An impairment which is presently capable of being classified as remedial cannot meet the requirement that it be 'of long-continued and indefinite duration.' We think it plain that the express terms of the Act require a reasonable showing of the permanence of the disability. 'Not until treatment has been tried and found unavailing can it be said that a reasonable certainty of permanence appears.' United States v. Hammond, (5 CCA) 87 F.2d 226 at 227."

3. United States v. Roberson, (5 CA) 233 F.2d 517: "Unquestionably the failure of a defendant in a civil case to testify or offer other evidence within his ability to produce and which would explain or rebut a case made by the other side, may, in a proper case, be considered as a circumstance against him and may raise a

reputable and knowledgeable physicians in this field said: "That there was no question that further treatment was possible to relieve claimant's condition; that claimant was able to walk long distances, could stand for long periods of time, probably was not able to lift more than fifteen or twenty pounds and was able to squat and climb stairs." The record shows that since 1955 this applicant had never mentioned back pain to any physician he consulted for other reasons; and he received no treatment for his back since that time. The Examiner determined from statistical data that there were numerous, available jobs in the general area which could be done by the applicant if he wanted gainful employment. The applicant complained that he simply could not work and was physically unable to do any kind of regular work. He had been a carpenter and the record shows that he was a good one. He had worked at various jobs but last worked in October 1962 for a real estate agency. In short, this record shows more than substantial evidence to support the view that the applicant was not disabled within the meaning of the act as amended in 1965. There is little medically es-

tablished evidence in this record to support his application. Disability does not have to be established by objective findings. The existence or not of pain likewise need not be explained or established by objective symptoms or findings, but it is encumbent upon an applicant to shoulder the burden of showing or establishing to the reasonable satisfaction of the Examiner by medically established proof that he is disabled. The act makes it the duty and responsibility of the Secretary through his representatives to make that administrative determination in good faith from all of the facts and circumstances in the case. When that determination is made, the scope of judicial review is limited to a determination from the record as to whether or not substantial evidence, plus reasonable inferences, can be found in the record to support that statutory conclusion. That has been done in this case in all respects as required by Byrd v. Gardner, 358 F.2d 291. That administrative finding and conclusion is supported by substantial evidence in this record.

The motion of the defendant for a summary judgment will be sustained. A judgment accordingly may be presented.

presumption that the evidence would not be favorable to his position," citing: Local 167 International Brotherhood of Teamsters v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804; Anderson v. United States, (5 CA), 1950, 185 F.2d 343; Williams v. United States, (5 CA), 1952, 199 F.2d 921; and Kent v. United States, (5CCA), 1946, 157 F.2d 1; and in United States v. Johnson, (5 CA) 288 F.2d 40, it is said: Where failure to produce relevant and important evidence within one's peculiar control raised presumption that if produced, evidence would have been unfavorable to cause, citing: Kirby v. Talmadge, 1895, 160 U.S. 379, 16 S.Ct. 349, 40 L.Ed. 463; Foust v. Munson S.S. Lines, 1936, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49; Interstate Circuit v. United States, 1939, 306 U.S. 208,

59 S.Ct. 467, 83 L.Ed. 610, 2 Wigmore on Evidence, 3rd ed, § 285 et seq. The rule is applicable even in criminal cases. Ford v. United States, (5 CA), 1954, 210 F.2d 313, 317; and in Allstate Finance Corporation v. Zimmerman, (5 CA) 330 F. 2d 740, 1964, it is said: "Where the burden of proof of a negative fact normally rests on one party, but the other party has peculiar knowledge or control of the evidence as to such matter, the burden rests on the latter to produce such evidence, and failing, the negative will be presumed to have been established," citing: Campbell v. United States, 365 U.S. 85, 96, 81 S.Ct. 421, 5 L.Ed.2d 428; Henry Hanger & Display Fixture Corp. v. Sel-O-Rak Corp., (5 CA) 270 F.2d 635, 642; 31A C.J.S. Evidence, § 113, pp. 190–192.