Manuel CENTENO–RIOS

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

Civ. No. 751–68.

United States District Court,
D. Puerto Rico.

May 27, 1970.

Antonio Montalvo-Nazario, San Juan, P.R., for petitioner.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P.R., for respondent.

ORDER

FERNÁNDEZ-BADILLO, District Judge.

Manuel Centeno Ríos has sought judicial review of the final decision rendered by the Secretary of Health, Education and Welfare denying his application for the establishment of a period of disability and disability insurance benefits. The application for benefits filed on December 8, 1967 described his disability as "machete wounds that severed tendons in both arms below elbows, lame right leg; missing phalanges (sic) 2 fingers." He expressed disagreement with the initial disability determination by presenting a Request for Reconsideration on April 22, 1968 which stated as reasons thereof the following:

> "I have been unable to work because the machete wound on my right hand has made it unable to close and has lost grip. Also because the wound on the forearm of the same arm has made the tendons weak and painful."

Claimant testified at the hearing that he was a 56 year old unskilled laborer who can read Spanish and write "a little" and whose main tasks had been cutting sugar cane and picking minor

fruit crops.[1] Questioned as to the reason for quitting work in 1966, he replied: "Because of my right hand wound which prevents me from grasping the machete."[2] He underwent a traumatic amputation of the distal phalanx of the index and middle fingers of his left hand in 1957 and continued working almost uninterruptedly until November 3, 1966 when he was attacked by an individual at which time he incurred a machete wound of the right mid forearm and also in his right knee. An eighteen day period of hospitalization at the Arecibo District Hospital followed this injury but at present he is not receiving orthopedic treatment. He has allegedly visited the Municipal Hospital as an outpatient a few times since the year 1966. Information contained in two reports of contact dated December 15, 1967 and January 17, 1968 (Tr. pp. 74, 75) reveals that no records concerning claimant's present condition could be obtained at the Arecibo District Hospital.[3] The interviewer further indicates therein that: "He has failed to submit any medical evidence, claiming that he is unable to do so. We requested him to try to obtain medical evidence of some sort, but he never answered our letters." Claimant testified at the hearing that he has not suffered any other impairments since 1966 other than lack of movement in his left and right hands (Tr. pp. 32, 37). His main complaint throughout the entire record is of his right hand.[4]

Marcelino Sánchez Galian, a land owner, appeared at the hearing to testify as to plaintiff's unemployability stating that he "is no good" because "the machete slips from his hands."

The only piece of medical evidence on record is a report made by Dr. Karl Horn, orthopedic surgeon, who examined plaintiff upon the government's request. He made separate, detailed findings as to the left hand, left wrist, right hand and right knee which in the parts pertinent herein read as follows:

"Left hand: * * * Motion of the fingers is complete. The patient due to the absent phalanx of the index and middle fingers is unable to grasp firmly.

Left wrist: Forced flexion above this range (Tr. p. 79) is apparently painful.

Right hand: Both scars are superficial and do not interfere with the motion of the forearm or hand.

Right knee: The stability of the knee is normal. The remainder of the right lower extremity shows no evidence of pathology * * * he has a moderate arthritis of his right knee." It was Dr. Horn's impression that claimant "should be able to continue performing work necessitating a normal amount of standing, walking or bending. He would be unable to grasp finer objects or hold finer instruments with his left

1. He also worked at the Puerto Rico Aqueduct and Sewerage Authority digging ditches to place piping. Claimant testified (Tr. p. 40) that "with the pick and shovel and machete are the only things I can do."

2. See also page 29, transcript of the hearing before the examiner:
"Q. Don Manuel, what are your reasons for not returning at present to your usual occupation in the agricultural field?
A. The wound that I have in my right hand prevents me.
Q. What else?
A. This prevents me from grasping the machete because my work is in agriculture * * *."

3. At page 74 of the transcript the report states:

"The last entry in the file (Arecibo District Hospital) is dated 3/24/58. It reads: Admitted, patient cut himself in the arm 6 days ago."
At page 75 of the transcript the interviewer informs as follows:
"We were unable to find a record of this w/e at Arecibo District Hospital for w/e's current allegations * * *"

4. Upon the examiner's inquiry as to how he grabbed the machete, Centeno answered:
"Well, I can't show you right now because I cannot close my hand. If I had my hand well, I could show you with this one because I can close it, but this one I can't.
Can you close your left hand but you can't your right one?
Yes."

hand." No further restrictions were placed upon his work. The examiner specifically observed that "there appears to be no acceptable reason for his failure to resume employment."

It is readily apparent that claimant's allegations relative to lack of motion of the hands, particularly the right one, is not supported by the medical report referred to above. Plaintiff failed to submit other medical proof that could in any way dispute the findings made by Dr. Horn. Although advised of the necessity of this, he seemingly disregarded its importance. The burden lies on the disability claimant to prove that he is unable to engage in substantial gainful activity by reason of a medically determinable physical or mental impairment, Reves Robles v. Finch, 409 F.2d 84, 86 (1st Cir., 1969). Although plaintiff is not required to carry a greater burden than proof by preponderance of the evidence, it is he who must initially go forward since the burden does not shift to the Secretary until it is shown by the applicant that he cannot return to his former work. Aside from his own testimony and that of a witness claimant presented no other evidence of his inability to perform his usual work. As was accurately stated in Griffey v. Cohen, 299 F.Supp. 714 (W.D.Va., 1969):

> "The claimant must support his allegations by medical evidence, although no unreasonable or unjust obstacles may be put in his way. * * * The Social Security regulations require that subjective complaints be substantiated by objective clinical and laboratory findings."

In the light of the entire record in this case, the Court understands that the hearing examiner's evaluation findings and conclusions are reasonable and based on substantial evidence. Plaintiff having failed to meet its initial burden of proof, fell short of establishing a disability within the meaning and requirements of the Social Security Act.

Thus, it is now ordered, adjudged and decreed that the complaint filed on November 14, 1968 by Manuel Centeno Ríos be and the same is hereby dismissed.