**Arturo GONZALEZ PEREZ, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

No. 542–69.

United States District Court,
D. Puerto Rico.

July 16, 1970.

Wally De La Rosa, U. S. Atty., San Juan, P. R., for plaintiff.

Virgilio Brunet, Hato Rey, for defendant.

## ORDER AND MEMORANDUM OPINION

FERNÁNDEZ-BADILLO, District Judge.

Arturo González Pérez has commenced this action to obtain a review of the final decision of the Secretary of Health, Education and Welfare denying his claim for the establishment of a period of disability and the corresponding benefits. The issue before the Court is whether or not the Secretary's findings of non-disability are premised upon substantial evidence.

González is now 58 years old and meets the special earnings requirement through September 30, 1971. He has second grade schooling and can read and write. His work history consist of operating a crane for fourteen years in a sugar mill. Although indicating that he didn't have to exert strength or do any pulling he claimed he could no longer operate the crane because "of my problem voiding, my bladder condition, and the problem I have with my left leg." [1]

---

1. He complained of numbness in the left leg at the oral hearing.

Claimant's application for benefits filed on May 3, 1968 set forth his disability as cancer of the prostate. The date in which the disability made him unable to work was fixed at January 20, 1968. During the hearing he stated that his condition had worsened since then and that he is "'unable to climb, walk for long distances, or be sitting down for long periods of time" (Tr. p. 23).

The medical evidence surrounding this claim shows that on February 2, 1954 plaintiff underwent total amputation of the penis on account of an extensive epidermoid carcinoma. A drain was placed in the perineum. Shortly thereafter, on March 23, 1954 a bilateral adenectomy was performed. Following discharge the hospital records dated August 6, 1954 reported "no signs of recurrence or metastases" (Tr. p. 72).

On November 10 and December 8, 1962 González was examined at the Outpatient Dispensary of the González Martínez Oncologic Hospital and on both occasions was found to be doing well except for anemia. Dr. J. Colón found on November 10, 1962 an "ample perineal urethrostomy healthy grow scars of bilateral inguino femoral lymph adenectomy." All three appointments fixed in the year 1963 were missed by plaintiff. The next information concerning his medical status was given on March 26, 1967, thirteen years after having suffered total penectomy for cancer. Dr. J. Rodríguez Quiles expressed at that time that plaintiff had been "lost from clinic in past four years, he was in U. S. During this time he was well and was not evaluated by any physician" (Tr. p. 67). Physical examination by said doctor revealed right epidimitis (inflammation of testes). A subsequent examination on May 1967 revealed that the patient had improved from this condition and again a "no recurrence of tumor" was informed. A dilatation was then necessary due to a severe stricture of perineal wrethrostomy which caused difficulty to void. A month later he was again seen by Dr. Rodríguez Quiles who made the following findings; (1) void-

ing relatively at ease, (2) no tumor recurrence.

Missed appointments were recorded on November 13, and December 11, 1967 and on September 12, 1968. The progress notes of the oncologic hospital show that in May 1968 plaintiff was again having difficulty due to a severe perineal stricture requiring new dilatation. Dr. Rivera Bernard commented that if he did not improve the ureterectomy should be reviewed. Considered in chronological order the last notation refers to an August 1968 examination. No sign of recurrency was found. New urethral dilatation was done and González was instructed to return in one month for new dilatation.

Finally, there is a medical report on visual disability dated September 7, 1968. No restrictions whatsoever were imposed on working conditions or activities.

■ A district court's power upon review is limited to the pleadings and the transcript of the record. 42 U.S.C. § 405(g). Plaintiff has cited authorities discussing his particular physical impairment and standards for determining percentages of resulting disability in its memoranda. These matters were not raised at the administrative level and are not a part of the certified record on review. Therefore, they are of necessity excluded from judicial consideration.

■ Having carefully examined plaintiff's medical history as traced in the record in combination with his testimony, personal background and work history, the Court believes that he has failed to establish a disability under the statutory requirements fixed by the Act. This laborer certainly has the Court's sympathy but, unfortunately, he failed to carry forward his burden of proof. Reyes Robles v. Finch, 409 F.2d 84 (1st Cir., 1969); Osborne v. Cohen, 409 F.2d 37 (6th Cir., 1969); Griffey v. Cohen, 299 F.Supp. 714 (W.D.Va.1969). This fact cannot be disregarded. The burden never shifted to the Secretary in this case for claimant did not prove an inability to return to his previous work as

crane hooker and it was so held in the administrative decision. This type of work was performed by González for fourteen years after undergoing total penectomy. There is a repeated medical finding negativing recurrence of the malignant tumor. The only significant malady that arises from the records consists of severe perineal stricture. According to claimant's testimony his condition required monthly dilatation. His medical history shows that this condition responded favorably to dilatations. The physical difficulties set forth by the evidence presented is limited to the one described. Furthermore there is no indication on record revealing a gall bladder condition or a disabling impairment of the left leg as contended by plaintiff at the oral hearing.

The adverse decision rendered by the Secretary of Health, Education and Welfare is affirmed, and the complaint filed in this Court on August 8, 1969 is hereby dismissed.

It is so ordered and adjudged.