**Howard WILLIAMS**

v.

**Robert FINCH, Secretary of Health, Education & Welfare (now Elliot L. Richardson).**

**Civ. A. No. 69–C–29–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Nov. 8, 1971.

Glen M. Williams, Jonesville, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., for defendant.

WIDENER, Chief Judge.

This is a suit by Howard Williams against the Secretary of Health, Education and Welfare under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary denying the claimant's application for the establishment of a period of dis-

ability under § 216(i) of the Act, 42 U. S.C. § 416(i), and for disability insurance benefits as provided by § 223 of the Act, 42 U.S.C. § 423.

Claimant was born on January 10, 1909, in Jonesville, Virginia, where he still resides. He left school in the fourth grade to work on the family farm and is not able to read and write. He can sign his name and can count money.

All of Mr. Williams' work experience has been in farming, either as a self-employed operator or for others. He lives on his own 30-acre farm, where his principal crop is tobacco. He keeps two cows, and also has one mule. While he only works three or four hours a day, he sometimes hauls rock, pulls stumps, cuts brush with a machine, plants the tobacco, mows hay, and does some fence work, in addition to plowing the land with his tractor.

According to his social security earnings' record, the claimant was last employed as an agricultural worker in 1959, and has been self-employed since then. He also was employed in the last quarter of 1963 but apparently not as a farm worker. In his testimony at the hearing on his application, the claimant stated that he had no difficulty with his back and that all his doctors ever told him was that he had an ulcer.

He filed his application for a period of disability and for disability insurance benefits on February 16, 1968, alleging that he has been unable to work since April, 1965, at age 56, because of ulcers and slight heart trouble. The application was denied initially on March 21, 1968 and upon reconsideration by the Bureau of Disability Insurance of the Social Security Administration. The Virginia Rehabilitation Agency, upon evaluation of the evidence by a physician and a disability examiner, had found that claimant was not under a disability.

Dissatisfied with this determination, Williams asked for a hearing, which was held on December 12, 1968, at which claimant, represented by counsel, appeared and testified. Upon its conclusion, the hearing examiner considered the case *de novo*, and on January 6, 1968 found that Mr. Williams was not under a disability. The hearing examiner's determination then became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council approved his decision. The complainant claims that there was not sufficient evidence to support the finding of the Social Security Administration.

Williams was admitted to the Lee General Hospital on April 8, 1966, with complaints of a fast irregular heart beat, smothering, and pain in his chest and arms. On physical examination, he was found to be well developed and well nourished and was not acutely or chronically ill. No physical abnormalities were found. The examining physician, Dr. H. A. Kinser, accordingly concluded that he probably had a bout of acute auricular fibrillation. Dr. Kinser wanted to conduct further studies, but Williams would not stay hospitalized long enough for the tests to be made, and after two days in the hospital he was discharged.

Claimant was readmitted to the hospital on April 15, 1966, with essentially the same complaints. A gastrointestinal series demonstrated slight antral gastritis, duodenitis, and a duodenal ulcer with some deformity of the bulb, but colon examination was negative. The physical findings were unchanged. He was discharged on April 19, 1966, with treatment of the ulcer to be continued on an outpatient basis.

On August 10, 1966, Mr. Williams came to the hospital because of diarrhea for the past three days. Again, there were no positive physical findings; in fact, he had gained eleven pounds since his April hospitalization. Dr. Kinser prescribed an antidiarrheal medicine, but told the claimant that he could stop his ulcer regimen if he so desired.

There is no record of any further medical examination until February 20, 1968, when Dr. Kinser still could find nothing positive from a physical stand-

point. Mr. Williams' urinalysis and blood pressure were normal, and an electrocardiogram revealed no significant changes over the essentially normal tracings of April 9, 1966, and January 23, 1963. The diagnosis remained chronic duodenal ulcer, with acute exacerbations.

A comprehensive evaluation of Mr. Williams' physical condition was conducted at the Appalachian Regional Hospital on June 13, 1968, under the supervision of Dr. Charles L. Kirkpatrick, a specialist in internal medicine. The claimant complained of stomach pain before meals, which was relieved by medication and food. The physical examination was essentially normal. X-rays of the chest disclosed minimal arteriosclerosis of the aorta without other evidence of active intrathoracic disease. An electrocardiogram was normal. A radiological study of the upper gastrointestinal tract revealed a small, sliding esophageal hiatal hernia without ulceration, and a persistent ulcer deformity of the duodenal bulb with spasm near the apex as well as a small ulcer crater. The claimant's stomach, however, filled well and emptied satisfactorily at thirty minutes. Dr. Kirkpatrick believed that the claimant had not had a myocardial infarction or angina at any time. The final diagnoses were a probable symptomatic esophageal hiatal hernia, and a symptomatic, active, chronic duodenal ulcer. There was no evidence of any other condition that might interfere with his farm work.

The burden is upon the claimant to show disability. Griffey v. Cohen, 299 F.Supp. 714 (W.D.Va.1969) aff'd. 421 F.2d 187 (4th Cir. 1970). This the claimant has failed to do.

Sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. §§ 416(i) and 423(d), as amended by § 158(b), Public Law 90–248, 81 Stat. 821, define the term disability to provide, in part:

"(d) (1) The term 'disability' means —

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months; * * *

* * * * * *

"(2) For purposes of paragraph (1) (A)—

"(A) An individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * * * * *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

Section 223(d) (5) of the Act, 42 U.S.C. § 423(d) (5), as added to the Act by § 158(b) of Public Law 90–248, the Social Security Amendments of 1967, provides that:

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

The establishment of disability and entitlement to benefits is a two-step process. Laws v. Celebrezze, 368 F.2d

640 (4th Cir. 1966). The claimant first must show he has a serious impairment that can be expected to last for a continuous period of not less than twelve months, Brown v. Celebrezze, 367 F.2d 455 (4th Cir. 1966); and secondly, "there must be a factual determination that the impairment actually renders claimant unable to engage in any gainful employment," Laws v. Celebrezze, supra. The evidence in this case fails to show that Mr. Williams was suffering from any such impairment.

The clinical data and laboratory studies relative to the claimant's physical condition consistently disclose no abnormalities other than a duodenal ulcer, more recently, an esophageal hiatal hernia, and minimal arteriosclerosis of the aorta. The hiatal hernia causes no difficulty at all, and the ulcer has been well controlled by diet and medication. There is no evidence of myocardial infarction or angina.

The evidence in the record shows that the claimant is a self-employed farmer who lives on his own farm and raises his own crops. While he alleges inability to work since April, 1965, his self-employment income in 1966 exceeded the combined income credited to his Social Security earnings' record for the two preceding years, and even his 1967 income compares favorably with his previous years. Moreover, it cannot be properly claimed that his earnings are the result of efforts by others. Mr. Williams admits that he still hauls rock, pulls stumps, cuts brush with a machine, mows hay, does fence work, and plows the land with his tractor. He may work only three or four hours a day, but obviously his activities contribute substantially to the operation of his farm. He does not complain of any medical condition other than his ulcer that may or does interfere with farm work.

It clearly appears from all the data of record that claimant has not only failed to show that he has a significant physical impairment that precludes him from engaging in substantial gainful activity, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964); but quite to the contrary he does engage in such activity. Brown v. Celebrezze, supra; Simmons v. Celebrezze, 362 F.2d 753 (4th Cir. 1966); Canaday v. Celebrezze, 367 F.2d 486 (4th Cir. 1966).

The Secretary's decision disallowing the plaintiff's application is supported by substantial evidence. Sabbagha v. Celebrezze, 345 F.2d 509 (4th Cir. 1965); Lewis v. Celebrezze, 359 F.2d 398 (4th Cir. 1966). Indeed, it may be inferred from the medical reports submitted by claimant that he is not disabled within the meaning of the statute.

An order is this date entered consistent with this opinion.