Herminio de Jesus **RAMOS**, Plaintiff,

v.

Elliot **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 734–71.

United States District Court,
D. Puerto Rico.

July 2, 1973.

Rafael D. Molinary, Aguadilla, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

The plaintiff herein filed an application for disability insurance benefits under the Social Security Act, on April 1, 1969, alleging an inability to work as of November 8, 1964 due to an assortment of ailments including heart condition, arthritis and poor vision. His application was denied in a final administrative manner on March 25, 1971, and he brings this action under Section 205(g) of the Social Security Act (hereinafter the Act), Title 42, United States Code, Section 405(g) to have us determine whether the Secretary's decision denying disability benefits is supported by substantial medical evidence in the record.

Without getting into the merits of whether the Secretary's decision is in fact supported by substantial medical evidence in the record, we remand on a question of law.

At the hearing held in this case, the claimant testified that he had spent most of his adult life working on public roads. (Tr. 36). The vocational expert testified subsequently, that this work can be classified as heavy and strenuous (Tr. 54). Other jobs formerly

held by the claimant were described by the vocational expert as falling within the medium to heavy range (Tr. 54, 55). The vocational expert, on the basis of the hypothetical medical picture of this claimant presented to him by the hearing examiner, stated this claimant would be impeded from doing all former employment except that of tobacco classifying and stacking which he described as being light work and therefore within this claimant's capabilities (Tr. 59).

Now we come to the point of law which serves as basis for this remand. At the close of the hearing, the examiner asked whether there were sufficient number of these types of jobs within the radius of 35 miles of this claimant's home. (Tr. 66). The vocational expert answered there were none within said radius, but that such jobs existed in Caguas and Cayey or about 100 travelling miles from this claimant's home in Utuado (Tr. 66).

The hearing examiner stated, in his opinion, that in view of the fact that this claimant was found able to perform one of his former jobs, (tobacco stacker and classifier), it was not incumbent upon him to show that alternate work was available for this claimant within the region where he lived (Tr. 17).

Indeed, it has been held repeatedly in Social Security cases that once the claimant has satisfied his burden of showing that his disability precludes realization of his former employment, the burden shifts to the Secretary to show that the claimant has residual capacity to perform some alternate work and that such work was reasonably available. Gray v. Finch (6 Cir. 1970), 427 F.2d 336; Goad v. Finch (6 Cir. 1970), 426 F.2d 1388; Gonzalez Perez v. Secretary of Health, Education and Welfare (D.C. P.R.1970), 314 F.Supp. 809.

But it has been held that Section 423 of the Act was amended in 1967 specifically to provide that courts are not to be concerned about availability of jobs in the community or even their availability to one with impairments suffered by a particular claimant, but instead only with the question of a claimant's ability to engage in gainful activity. Whiten v. Finch (4 Cir. 1971), 437 F.2d 73. The Social Security Act is not an unemployment statute.

Nevertheless, this Court, while recognizing the principle enunciated above, has read the 1967 Amendment into a context of reasonableness which we feel the language of the statute clearly construes. The statute reads: "For purposes of the preceding sentence, 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Title 42, United States Code, Section 423(d)(2)(A).

In Reyes Robles v. Gardner, Secretary of Health, Education and Welfare, 287 F.Supp. 200 (D.C.P.R.1968), we interpreted "region" in the above mentioned statute to mean an area of fifty (50) miles from the claimant's home. After an exhaustive analysis of the legislative history behind the 1967 amendments, to the Act described above, we stated: "Now the home town can no longer be the area of reference in determining whether work that can be performed by the individual exists. The area is *extended* to the region where the individual lives or the work must exist in several regions of the country." Id at p. 206. As we said before, region is defined in Puerto Rico, "where travelling is a time consuming and vexatious undertaking" Id. at 204, as including an area of 50 miles from the claimant's home.

Getting back to the case at bar, we see that the Secretary did not assume his burden of proving the availability of alternate work which this claimant could perform because he felt, in view of the fact that the vocational expert stated he could do his former work as tobacco classifier and stacker, that the burden had not shifted to his shoulders. But we have explained that such work was, in fact, not available to this claimant, under this Court's interpretation of Section 423(d)(2)(A) of

the Act, because the vocational expert testified such work existed at a distance of 100 miles from this claimant's home, and he did not specify in what several regions of the country the same was available. *Robles*, supra, at p. 204.

Under the circumstances, we feel this case should be remanded to the Secretary with instructions that he assume the burden of showing availability of alternate employment in a manner consistent with what is herein expressed.

It is so ordered.