**Milton WADE, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education, and Welfare, Defendant.**

No. C–79–2819 RFP.

United States District Court, N. D. California.

Sept. 19, 1980.

John C. Smith, Tiernan & Smith, San Francisco, Cal., for plaintiff.

William T. McGivern, Asst. U. S. Atty., San Francisco, Cal., for defendant.

### MEMORANDUM AND ORDER

PECKHAM, Chief Judge.

This is a suit under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a final decision of the Secretary of Health, Education, and Welfare. The Secretary denied plaintiff's claim for disability benefits and a disability period under sections 215(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423. The decision of the Administrative Law Judge became the final decision of the Secretary when it was approved by the Appeals Council on August 31, 1979.

The scope of judicial review in this action is limited to determining whether the findings of the Secretary are supported by

substantial evidence or whether there is "good cause" for ordering that additional evidence be taken. 42 U.S.C. § 405(g). The Secretary's findings, including any inferences drawn from the evidence and any resolutions of conflicts in the evidence, are conclusive if they have a substantial basis in the evidence as a whole. *E. g., Chavies v. Finch*, 443 F.2d 356 (9th Cir. 1971); *Rhinehart v. Finch*, 438 F.2d 920 (9th Cir. 1971).

An administrative hearing was held on March 5, 1979. The Administrative Law Judge ("ALJ") heard testimony by the plaintiff and received documentary evidence concerning plaintiff's medical history. The evidence indicated that plaintiff was severely burned when a truck radiator exploded in July of 1975. The ALJ decided that in light of plaintiff's testimony that he continued to suffer from muscle spasms and other physical ills, an additional orthopedic examination should be taken. With the concurrence of plaintiff's attorney, the ALJ ordered an orthopedic examination, a psychological examination to determine the claimant's level of literacy, and a psychiatric examination, all to be carried out at government expense, pursuant to 20 C.F.R. § 404.1527.

The ALJ's decision dated July 30, 1979 included the following findings:

(4) The claimant failed to present himself for consultative examinations scheduled for him.

(5) In accordance with section 404.1527 the claimant is therefore found not to be under a "disability" as defined in the Social Security Act, as amended.

Based on these findings, the ALJ denied the plaintiff's application for disability insurance and a period of disability. The ALJ did not rule on the merits of plaintiff's claim.

The regulation that the ALJ relied upon reads as follows:

### Consultative Examinations

Upon reasonable notice of the time and place thereof, any individual alleged to be under a disability shall present himself for and submit to physical and mental examinations or tests . . . If any such individual fails or refuses to present himself for any examination or test such failure or refusal, unless the Secretary determines that there is good cause therefor, shall be a basis for determining that such individual is not under a disability . . .

20 C.F.R. § 404.1527.

Plaintiff contends that he did not willfully fail to attend the consultative examinations, and that he would attend them if a remand is granted. Courts have ordered a remand in similar situations. In *Brown v. Gardner*, 249 F.Supp. 968 (N.D.Ala.1965), the plaintiff had refused to attend consultative examinations on advice of counsel. The court remanded the case to allow the plaintiff another opportunity to be examined. *See also, Resseguie v. Secretary of HEW*, 425 F.Supp. 160 (E.D.N.Y.1977) (plaintiff's refusal to attend examinations outside of his residence held not to bar his application for disability benefits). These decisions are consistent with the remedial purpose of the Social Security Act, which militates against an overly severe application of procedural sanctions so as to deny a potentially meritorious claim.

■ In the instant case there are even stronger grounds for remand since the record fails to show that plaintiff was afforded reasonable notice of the time and place of his examinations, as required by 20 C.F.R. § 404.1527. Plaintiff was present at the hearing when the ALJ ordered the examinations but no place or time was specified at that time. The state agency subsequently lost contact with the plaintiff. A notice mailed to him on March 23, 1978, only 18 days after the hearing, was returned as "not deliverable." His attorney confirmed that the address was correct, but this does not change the fact that the plaintiff did not receive the letter. There is nothing else in the record to show that plaintiff was ever given notice of a time and place to appear. Even if plaintiff did receive written notification prior to the unsuccessful March 23 letter, this may not have been

sufficient, since plaintiff has a limited education and may be functionally illiterate. It will be remembered that the ALJ ordered that he be tested for literacy. Finally, since there was no contract between the state agency and the plaintiff prior to the ALJ's decision, the plaintiff was never given any opportunity to show that he had "good cause" for failing to appear.

In summary, there is no substantial evidence that plaintiff had reasonable notice of the time and place of the examinations or that he did not have "good cause" for failing to appear. Thus there is no substantial evidence to support a denial of benefits pursuant to 20 C.F.R. § 404.1527. Under these circumstances, we must remand to the Secretary so that new consultative examinations can be given and a decision can be made on the merits of plaintiff's claim.

So ordered.