Patsy B. WHITEN, Appellee,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Appellant.

No. 14721.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 5, 1971.

Decided Feb. 3, 1971.

James C. Hair, Atty., Department of Justice (William D. Ruckelshaus, Asst. Atty. Gen., and Kathryn H. Baldwin, Atty., Department of Justice, and Joseph O. Rogers, Jr., U. S. Atty., on the brief), for appellant.

John B. Culbertson, Greenville, S. C., for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

In this Social Security case, the District Judge directed an award of benefits though they had been administratively denied. In doing so, we think he departed from his limited scope of review.

The claimant is a young woman who suffered a mild heart attack. The healing processes appeared to have proceeded normally, but the claimant has continued to complain of atypical pain and weakness, for which the doctors were unable to find any objective explanation. There was general agreement among the doctors, however, that she could at least do light work; indeed, it would be beneficial to her, and her doctor even recommended that she return to the very job she had before the heart attack.

It may be that the plaintiff thinks she is disabled and, because she thinks so, she may be. It may be that her periodic pain is real and has some explanation which escaped all of the examining physicians, but the question for the courts does not come afresh. If the record considered as a whole supports the administrative finding, that finding must be accepted whatever the court's view of the factual situation if it were free to make its own independent appraisal of the evidence.

Here the record seems clearly to support the administrative determination that the claimant is not disabled within the meaning of the Act. This clearly lies in the general consensus among the doctors that she can do light work, and will even be benefited by it, including the very kind of work she did before her attack.

The District Court noted the absence of evidence that the claimant "could obtain employment." If by that, it was meant that there was no showing that work the claimant was capable of performing was available in the community where she lived, the 1967 amendments to the Act have deprived that consideration of relevancy. Under the amended Act, the courts are not to be concerned about the availability of jobs in the community or even their availability to one with the claimant's impairments, but only with the question of the claimant's ability to engage in gainful activity.

Since we find support in the record for the administrative finding that the claimant is not disabled within the meaning of the Act, the judgment of the District Court directing an award of benefits is reversed.

Reversed and remanded.