**David Walton SWAIM, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 78–1371.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1979.

Decided May 29, 1979.

James C. Gulick, Legal Aid Society of Northwest North Carolina, Inc., Raleigh, N. C., for appellant.

S. Gale Graham, Asst. Regional Atty., Dept. of HEW, Atlanta, Ga. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., H. M. Michaux, Jr., U. S. Atty., Durham, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and WINTER, Circuit Judge.

WINTER, Circuit Judge:

Plaintiff sought disability benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. While the administrative law judge found that claimant could not return to his former work, the administrative law judge, relying upon the answer to a hypothetical question put to the vocational expert, found that claimant could perform sedentary jobs in the bench assembly and hand assembly industry and that such jobs existed in significant numbers. Accordingly, he denied benefits.

Notwithstanding that claimant presented substantial contradictory evidence to the Appeals Council dealing with claimant's problems of alcoholism, the Appeals Council adopted the opinion and findings of the administrative law judge as the decision of the Secretary.

When claimant appealed, the district court found that the Secretary's decision was supported by substantial evidence; but we think otherwise. In our view, the contradictory evidence adduced before the Appeals Council destroyed the probative value of the answer to the hypothetical question which was the basis of the finding of the administrative law judge that claimant could engage in other work. We therefore reverse the judgment of the district court and direct that it vacate the Secretary's decision and remand the case to the Secretary for further consideration in the light of the additional medical evidence.

I.

The claimant, David W. Swaim, made application for a determination that he was disabled and for an award of disability benefits in 1973, claiming that he became unable to work on February 15, 1971, when he was 49 years of age. He had been previously employed as a glazer and weaver in the textile industry, a supply and material person at the National Carbon Plant, a printing press set-up man, and as a truck driver. He claimed a myriad of physical disabilities and presented subjective evidence and medical reports to support his claim. Among other ills, he had degenerative arthritis of the spine, a hiatal hernia, an episode of gastrointestinal hemorrhage, an ulcer, early glaucoma, urinary and prostate problems, an enlarged liver with cirrhosis, high blood pressure, a deformed finger, nose bleeds mild chronic obstructive lung disease, and an episode of pneumonia and fractured ribs. We need not concern ourselves with the details of these physical disabilities because the administrative law judge found that, singly or collectively, they did not render claimant unable to engage in any substantial gainful activity. His findings in this regard are supported by substantial evidence and claimant concedes the correctness of this aspect of the decision.

Before the administrative law judge, there was some evidence that claimant had used alcohol to excess from time to time in the past. This evidence was the record of a hospital admission in June, 1975, showing that claimant was admitted for chronic alcohol abuse and because it was felt that he was dangerous to his family. He was diagnosed as having alcohol addiction and transferred to another hospital for treatment. He remained in the other hospital for eleven days and was discharged with prescribed medication and the advice not to drink and to attend an alcoholism program. With respect to this evidence, claimant testified that currently he consumed an occasional beer but that he no longer used whiskey or any other hard liquor.

From the opinion of the administrative law judge, it is clear that the administrative law judge treated claimant's previous excessive use of alcohol as terminated. The administrative law judge spoke of the fact that "claimant's habits relative to alcohol have changed and he no longer consumes alcoholic beverages other than an occasional beer. . . . Fortunately, to date, the claimant's abuse of alcohol has not manifested severe physiological damage. . . ." The administrative law judge also spoke of claimant's "change in habits" as bearing upon psychic illnesses which were referred to in some of the medical records adduced at the hearing, and added the comment that with this change "occasional episodes of acute aberration will not recur."

More significantly, the administrative law judge interrogated Dr. Clarence E. Warta, the vocational expert, about claimant's residual ability to work. He asked Dr. Warta to assume the correctness of the claimant's testimony about his physical ailments and disabilities, and on that assumption asked him whether claimant could do any of his former work or any other work existing in the national economy. Dr. Warta answered in the negative. Dr. Warta was then asked:

I would like you to again assume the same age, education, and previous work background as discussed in my first hypothetical situation. I would like you to assume, from a physical standpoint, that his physical examination is essentially within normal limits. I would like you to assume that that would imply that he is essentially fully functional. I would like you to also, of course, as otherwise stated found no abnormalities in his physical examination, again meaning essentially for optional, both with reference to upper extremities, lower extremities, back, etc.

However, to assume that there is a tremulousness of the upper extremities as a moderation of that comment, and that any work done by the claimant would have to be done in essentially atmospherically clean circumstances, such as there would be no irritants, dust, pollen, adverse changes in temperature, humidity. I would like you to assume the psychic capacity to be that which, excuse me while I find what I want to. Assume the following psychic state: *That he does not display any gross psychiatric manifestations, that he is friendly and cooperative,* that he is oriented or whatever surroundings, engages in rational conversation, good memory, no hallucinations or delusions, *that there is no evident deterioration in personal habits,* and that he remains able to relate to other people. With that psychic evaluation, what can you say about his capacity to do his former work? (Emphasis added.)

After some dialogue to clarify the question (irrelevant for our purposes), Dr. Warta answered that, while claimant could not perform his previous jobs, there were positions in the economy that could be performed by claimant, as, for example, "a bench assembly, a hand assembly job."

The administrative law judge found that claimant was physically disabled from returning to any of his former occupations, but that his residual capacities are and have been adequate to perform sedentary bench assembly and hand assembly jobs, and such jobs exist in significant numbers.

When claimant appealed to the Appeals Council, he offered additional documentary evidence—all bearing upon his problems resulting from the use of alcohol. Briefly stated, the evidence showed that in January, 1969, plaintiff was admitted voluntarily to the Alcohol Rehabilitation Unit at John Umstead Hospital for treatment for excessive drinking. He was discharged almost a month later, after having received treatment, with a primary diagnosis of alcohol addiction and a guarded prognosis. He was again admitted to the hospital in January, 1971, on a voluntary basis because of excessive drinking and his inability to stop drinking by himself. He remained in the hospital for twenty-five days and was discharged, again with the diagnosis of habitual excessive drinking as well as inadequate personality disorder. The hospital stated that it was unlikely that he could be helped by the Alcohol Rehabilitation Center at any time in the near future.

Claimant was hospitalized again in September, 1972, for a period of five days. This hospitalization was on commitment by his son following violent conduct. The record from this hospitalization discloses that claimant had a 31-year history of drinking and a long record of violent and abusive behavior. The hospital was unable to substantiate any of the periods of sobriety claimed by Swaim, and it noted that Swaim minimized his drinking problem. He was discharged when he complained about the quality of medical care which he was receiving with the diagnosis of alcohol addiction and the recommendation that he not be returned to the Alcohol Rehabilitation Center since he was a poor candidate for treatment.

Claimant's final hospitalization, which was not known to the administrative law judge, was for a period of two weeks in July, 1976. Apparently this hospitalization was the result of an involuntary commitment because of excessive drinking and threatening conduct. He was diagnosed as suffering from alcoholism and acute alcohol intoxication. He was treated, but released by a state court against the recommendation of the hospital.

## II.

From the documentary evidence presented to the Appeals Council, it seems clear that, at the time of the hearing before the administrative law judge, claimant was not a reformed alcoholic as his testimony would indicate. Even if it were proper for the administrative law judge, in framing his hypothetical question, to make a credibility determination between claimant's testimony and the record of his June, 1975 hospitalization, that determination was shown to be an erroneous one when the record of the July, 1976 hospitalization was adduced and the full details of the pre-1975 hospitalizations were shown. Collectively, they tend to picture claimant as an alcoholic, and it has been held that the testimony of a true alcoholic, standing alone, cannot be relied upon as substantial evidence that the alcoholic can control his drinking problem. *Adams v. Weinberger*, 548 F.2d 239, 245 (8 Cir. 1977). The evidence thus strongly suggests that claimant may have lost his ability to control his consumption of alcohol and may be disabled for that reason.

We do not decide that issue, however. It may be explored on the remand that we order. What we do decide is that where there is substantial evidence of alcoholism, coupled with violent conduct, it is error to rely upon the affirmative answer of a vocation expert to a question as to whether claimant can engage in any gainful activity where the underlying assumption of the

question is that claimant "does not display any gross psychiatric manifestations, that he is friendly and cooperative . . . [and] that there is no evident deterioration in personal habits. . . ." The affirmative answer to such a hypothetical question does not constitute substantial evidence to support the finding that claimant can perform work other than his customary employment, because the hypothesis fails to fit the facts. If the lack of correlation between the two was not obvious to the administrative law judge, based upon the record of the 1975 hospitalization which was before him, it should have been obvious to the Appeals Council which had before it records of the additional hospitalizations in 1969, 1971, 1972 and 1976.

We therefore conclude that the district court must be directed to vacate the Secretary's decision and remand the case to him so that there may be further interrogation of Dr. Warta, or another vocational expert, which takes into account the effect of the proof of claimant's long-standing and perhaps incurable problems with the use of alcohol upon claimant's ability to engage in some substantial employment. At that time, either party should also be free to adduce additional evidence to show whether or not claimant is totally disabled from alcoholism alone.

*REVERSED AND REMANDED.*

BRYAN, Senior Circuit Judge, dissenting:

With sincere respect for the thinking of my panelists, I must differ with them. Their accurate and precise recount of the facts leads me to a differing conclusion; substantial evidence supports the Secretary's decision that while the claimant was unable, because of his numerous ailments to return to his former work, he, nevertheless, was not prevented from engaging in sedentary gainful employment, available in the national economy.[1]

---

1. 42 U.S.C. § 423(d)(2)(A) (1977). A person is disabled "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot

. . . engage in any other kind of substantial gainful work which exists in the national economy . . . ."

In my reading, ample proof supports the Secretary's rejection of the appellant's claim. This was the conclusion, too, of the Administrative Law Judge, the Appeals Council, the Secretary, the United States Magistrate in the District Court and, finally, the District Judge. The majority of this court now rejects these findings until the vocational expert's testimony may be administratively retaken. Yet, we have said repeatedly:

> " 'the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .' [Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1978).] The fact that the record as a whole might support an inconsistent conclusion is immaterial, for the language of § 205(g) precludes a de novo judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.' *Whiten v. Finch*, 437 F.2d 73, 74 (4 Cir. 1971); . . . *Hayes v. Gardner*, 376 F.2d 517, 520 (4 Cir. 1967)."

*Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (footnotes omitted).

It is the function of the Secretary, not the Court of Appeals, to weigh the evidence. The Appeals Council, the Secretary, the Magistrate and the District Judge had before them all of the evidence. Analysis of it reveals at once and fully "substantial evidence"[2] upon which the Secretary could rely in denying benefits, and, therefore, his decision must be upheld.

Perceiving no justification for the remand, I would affirm on the opinion of the District Judge, *Swaim v. Califano*, No. 76–650–WS (M.D.N.C. February 16, 1978).

---

**2.** For discussion of "substantial evidence," see *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Universal* *Camera Corp. v. NLRB*, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951).