**Willie HICKS, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 77–2615.**

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1979.

Decided July 2, 1979.

Peter M. D. Martin, Baltimore, Md. (Dennis M. Sweeney, Administrative Law Center, Legal Aid Bureau, Inc., Baltimore, Md., on brief), for appellant.

Natalie R. Dethloff, Dept. of Health, Education and Welfare, Baltimore, Md. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and PHILLIPS, Circuit Judges.

WINTER, Circuit Judge:

Claimant, Willie Hicks, appeals from the judgment of the district court affirming the decision of the Secretary of Health, Education & Welfare to deny him disability insurance benefits under § 223 of the Social Security Act, 42 U.S.C. § 423. We reverse the judgment and direct that the district court vacate the Secretary's decision and remand the case for further consideration in light of new regulations that have been adopted by the Secretary. The Secretary should also be instructed on remand to evaluate the evidence of claimant's alcoholism under the proper legal standard and to reexamine the vocational expert with respect to all of claimant's disabilities.

## I.

Claimant was born on October 17, 1917. He received a first grade education and can neither read nor write. From at least 1940 until 1969, he was employed as an automobile and truck mechanic, but he was required to stop working in 1969 because of pain in his back and stomach. At home, the only physical activity he performs is carrying out the trash. Claimant complains of a variety of ailments, including an arthritic back, stomach problems, high blood pressure, nerves, dizzy spells, stiff fingers, and a numb arm. He also admits to some drinking.

The administrative law judge found from the medical evidence that claimant suffered from hypertension, osteoarthritis, osteoporosis, an irritable duodenal bulb, depression, prostatic hypertrophy, and a history of liver cirrhosis. Assuming claimant's age, education, work experience, and arthritic back condition, the administrative judge asked a vocational expert what jobs claimant might be able to perform. The vocational expert responded that, while claimant would be precluded from bending, stooping, or lifting on a regular basis, there were light and sedentary jobs which he could perform, namely hand packager, auto cleaner, and cloth folder. The vocational expert testified further that approximately 110 jobs of this nature existed within the region. Based on this evidence, the administrative judge concluded that claimant was not disabled under the Social Security Act and was not entitled, therefore, to disability insurance benefits.

## II.

■ While this appeal was pending, the Secretary of HEW promulgated new regulations, to be effective February 26, 1979, which the parties agree are applicable to this case. We also agree. *See Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).

The new regulations, 20 C.F.R. §§ 404.-1502 to 1513 and Subpart P, App. 2 (1979), were adopted "to consolidate and elaborate upon long standing medical-vocational evaluation policies for adjudicating disability claims in which an individual's age, education, and work experience must be considered in addition to the medical condition." 43 Fed.Reg. 55,349 (1978). The regulations define each factor to be considered in determining whether disability exists. 20 C.F.R. §§ 404.1505 to 1511. More importantly, they direct a finding of disability or no disability where the findings of fact in a particular case coincide with the criteria established in the rules and tables of Subpart P, Appendix 2. 20 C.F.R. § 404.1513.

The administrative law judge found that claimant retained the capacity to perform the light and sedentary jobs described by the vocational expert. Where an individual's residual functional capacity is limited to sedentary or light work, Tables 1 and 2 of Appendix 2 of the new regulations apply. The administrative law judge found also that claimant was 56 years old when last insured and had completed only one year of school. Under the new regulations, claimant would be considered of "advanced age" and "marginal education." 20 C.F.R. §§ 404.1506(d), 1507(c). The administrative law judge made no formal finding as to the quality of claimant's work experience. However, he did ask the vocational expert to assume that claimant's "mechanical duties were probably less—quite a little bit less skilled that you would usually expect of a mechanic specializing in motor work." It is not clear from this statement whether claimant's work would be deemed "unskilled," "semi-skilled," or "skilled," or whether any of claimant's skills were "transferable" within the new regulations. 20 C.F.R. §§ 404.1511(b)–(e).

If claimant's work was either unskilled or not transferable, then rules 201.01 and 201.-02 of Table 1 and 202.01 and 202.02 of Table 2 dictate a finding of disability. On the other hand, if claimant's work is found to be either skilled or semi-skilled *and* transferable, rules 201.03 of Table 1 and 202.03 of Table 2 direct a finding of no disability. The case should, therefore, be remanded to the Secretary for a determination of the nature and transferability of claimant's skills, and, upon making such a determination, the Secretary should be ordered to find claimant disabled or not disabled as required by the new regulations.

## III.

On remand, the Secretary should also be directed to correct two errors in the administrative judge's conduct of the case, one in his evaluation of the medical evidence and the other in his examination of the vocational expert.

Considerable evidence was presented at the administrative hearing indicating that claimant had a serious drinking problem.

In February, March, and October 1973, claimant was diagnosed as being addicted to alcohol. A hospital record from August 1974 revealed further that claimant had a 20–25 year history of "severe alcohol intake." This history of alcoholism was corroborated by the report of a Social Security consulting physician in April 1973. Nevertheless, the administrative law judge made no finding with respect to claimant's drinking problem except that there was no evidence of significant end organ damage other than several bouts of liver cirrhosis, which had been controlled without complication.

■■ Nothing in the Social Security Act permits rejection of a disability claim simply because the claimant has not experienced significant end organ damage. *See Martin v. Secretary,* 492 F.2d 905, 909–10 (4 Cir. 1974). Where there is evidence of alcohol abuse, the Secretary must inquire whether the claimant is addicted to alcohol and, as a consequence, has lost the ability to control its use. *See Adams v. Weinberger,* 548 F.2d 239, 244 (8 Cir. 1977); *Sharpe v. Califano,* 438 F.Supp. 1282, 1286 (E.D.Va. 1977). *See also Swaim v. Califano,* 599 F.2d 1309, 1312 (4 Cir., 1979). Because no such inquiry has been conducted in this case, it should be made by the Secretary on remand.[1]

The administrative law judge found from the medical evidence that claimant suffered from hypertension, osteoarthritis, osteoporosis, an irritable duodenal bulb, depression, prostatic hypertrophy, and a history of liver cirrhosis. In the course of determining whether claimant's physical impairments precluded him from substantial gainful employment, however, the administrative law judge asked the vocational expert to assume only that claimant had "a back condi-

tion of arthritis." It is undisputed that the vocational expert was present throughout the administrative hearing and was given a copy of all the medical evidence in claimant's file. But it does not follow that the vocational expert considered any medical evidence aside from claimant's arthritic back in rendering his opinion as to claimant's capabilities. Accordingly, the Secretary should be required on remand to reexamine the vocational expert with respect to *all* of the disabilities for which proof is presented. Of course, if there is evidence that claimant is also disabled in whole or in part by his use of alcohol, the vocational expert should be asked to take this factor into consideration as well. *See Swaim, supra* at 1312.[2]

Should the Secretary determine from his reconsideration of the evidence regarding claimant's alcoholism and from his reexamination of the vocational expert that claimant is still capable of performing light or sedentary work, the application of the new regulations to the facts of this case would remain unaltered. However, if the Secretary determines that claimant does not retain the ability to do such work, and further that claimant's previous experience as a mechanic was arduous and unskilled, a finding of disability may be made also under 20 C.F.R. § 404.1512 (1979). That section provides an alternative test to the rules and tables of Appendix 2 for finding disability by stating that

[w]here an individual with a marginal education and long work experience (e. g., 35 to 40 years or more) limited to the performance of arduous unskilled physical labor is not working and is no longer able to perform such labor because of a significant impairment or impairments and, considering his or her age, education,

---

1. Claimant assigns as error the administrative law judge's failure to develop the record sufficiently with respect to claimant's alcoholism and other ailments. On remand, any additional evidence of claimant's disability may be presented.

2. Claimant contends that the light and sedentary jobs described by the vocational expert— that of hand packager, auto cleaner, and cloth

folder—do not exist in significant numbers within the region. We do not think that the approximately 110 jobs testified to by the vocational expert constitute an insignificant number. However, any conclusions that may be drawn from the vocational expert's testimony must necessarily await his consideration of all of claimant's disabilities.

and vocational background is unable to engage in lighter work, such individual may be found to be under a disability. *REVERSED AND REMANDED.*