**Warren B. ALSTON**

v.

**Joseph A. CALIFANO, Jr., Sec., Health, Education & Welfare.**

Civ. A. No. CA78–0578.

United States District Court,
E. D. Virginia,
Richmond Division.

July 6, 1979.

Charles E. Samuels, Richmond, Va., for plaintiff.

Bob Jaspen, Asst. U. S. Atty., Richmond, Va., for defendant.

MEMORANDUM OPINION

MERHIGE, District Judge.

Plaintiff, Warren B. Alston, filed an application with defendant Secretary of

Health, Education and Welfare ("Secretary") on July 25, 1977, for a period of disability under 42 U.S.C. § 416(i) and for disability insurance benefits under 42 U.S.C. § 423. Plaintiff brings this action under 42 U.S.C. § 405(g) to review the Secretary's final decision that plaintiff was not entitled to disability benefits.

The sole issue before this Court is whether the final decision of the Secretary is based upon substantial evidence. *See*, 42 U.S.C. § 405(g). Defendant has moved for summary judgment, plaintiff has filed a cross-motion for summary judgment, and the matter is ripe for disposition.

The function of this Court is not to try the matter *de novo*, nor to resolve mere conflicts in the evidence. The Court, however, is duty bound to give careful scrutiny to the entire record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The facts are not in dispute. They are, as set forth by defendant, as follows:

When plaintiff filed his application on July 25, 1977 for a period of disability and for disability benefits, he alleged that he became unable to work on July 25, 1977, at age 53, due to the amputation of his left leg.

Plaintiff's application for a period of disability and disability insurance benefits was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration, after the Virginia State Agency, upon evaluation of the evidence by a physician and a disability examiner, had found that plaintiff was not under a disability, as contemplated by the Social Security Act. At plaintiff's written request, an Administrative Law Judge ("ALJ") considered plaintiff's case *de novo* in a hearing held in Richmond, Virginia, in which plaintiff and his wife testified. The ALJ, in a written decision, found that plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision was approved by the Appeals Court on March 5, 1978, at which time it became the final decision of the Secretary.

Plaintiff, in his application, alleged disability due to the amputation of his left leg following a 1974 boating accident. At the hearing plaintiff also complained of an ulcerated stomach, hiatus hernia, nervousness, and arthritis and boils of the upper extremities caused or aggravated by the use of crutches.

Plaintiff worked as a dispatcher and warehouse foreman for a freight company from June, 1971 until July 25, 1977. The reason for which plaintiff said he was discharged was that his employer felt that plaintiff didn't have enough mobility to satisfactorily perform his job.

Plaintiff testified that, when he is sitting, turning his upper body to the side or bending his upper body forward, his stump will rub on the chair and make an ulcer or cyst. For this reason, plaintiff endeavors to avoid twisting or bending motions.

Plaintiff testified that he had in the past held supervisory and managerial positions, but that he had not worked at all since his July 25, 1977 discharge from his dispatcher-foreman job.

To be disabled, within the meaning of the Act, a claimant must be unable "to engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period" of at least twelve months. 42 U.S.C. § 423(d)(1)(A). To qualify for disability benefits, the evidence must show that plaintiff is unable to engage in any kind of substantial gainful work which exists in significant numbers either in the region where plaintiff lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A).

Applying these standards to all the evidence in the record, there is, in the Court's view, substantial evidence to support the Secretary's finding that plaintiff was not disabled within the meaning of the Act.

Dr. Robert Pilcher, Jr., a board certified orthopedic surgeon, concluded from his ex-

aminations of plaintiff that plaintiff could work if he was not required to do extensive standing or walking. Dr. John R. Good, a general practitioner, also examined plaintiff and reported that plaintiff could work if he was not required to lift, bend or engage in prolonged standing or walking.

Dr. Joe W. Underwood, III, a vocational expert, testified that, considering the exhibits on file and the testimony at the hearing, including plaintiff's age, education and prior work experience, and plaintiff's restriction to ·sedentary activities requiring no prolonged walking, standing, twisting or turning of the upper torso, plaintiff nonetheless could perform various jobs which exist in significant numbers in the Richmond, Virginia regional economy. Dr. Underwood stated that plaintiff could work in any of the hundreds of dispatcher and telephone operator jobs in the area, similar to plaintiff's former employment. Dr. Underwood also cited numerous assembly jobs which plaintiff could perform without having to twist his upper torso.

Plaintiff emphasizes that he has submitted 52 applications to different employers in the Richmond Area for jobs similar to the ones outlined by the vocational expert as jobs for which plaintiff was qualified. No one of the 52 employers has hired him, however, a fact which plaintiff asserts constitutes "overwhelming evidence of his inability to engage in substantial gainful work which exists in the national economy."

Although sympathetic to plaintiff's plight, this Court has no authority to order the Secretary to pay plaintiff disability benefits. Plaintiff's examining physicians, as well as the ALJ, reported that, despite his impairments, plaintiff could engage in sedentary work which did not involve excessive bending, twisting, standing or walking. The ALJ listed numerous jobs in the Richmond region which plaintiff could perform despite his limitations. Plaintiff is not entitled to disability benefits under the Act because he can engage in substantial gainful work in the Richmond region, "regardless of whether . . . a specific job vacancy exists for him, or whether he would

be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A); *Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971) (per curiam); *Keller v. Matthews*, 543 F.2d 624 (8th Cir. 1976).

The decision of the Secretary is based on substantial evidence and is affirmed. An appropriate order shall issue.