**Robert C. GRIFFIN, Plaintiff,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 78–1094.**

United States District Court, D. South Carolina, Columbia Division.

July 11, 1979.

Nancy C. McCormick, Columbia, S.C., for plaintiff.

Wistar D. Stuckey, Asst. U.S. Atty., Columbia, S.C., for defendant.

## ORDER

BLATT, District Judge.

Plaintiff, at age 53, filed an application for Social Security disability benefits, after working thirty-five years in the construction industry, claiming disability due to blindness in one eye, arthritis, spinal difficulties, ulcers and severe pain in his shoulders, neck, arms and legs.[1] After a review of the record, the Magistrate recommended a remand for a functional capabilities examination and the introduction of any additional evidence available.

---

1. A complete litany of plaintiff's afflictions is recounted in the Magistrate's report which is made a part of this Order by reference thereto for the purpose of the factual discussion contained therein only.

The Secretary has objected to the report, claiming that no functional capabilities examination is warranted, nor is a need shown for the submission of additional medical evidence. The court, after reviewing the record, feels that a remand is necessary, although for reasons slightly different from those suggested by the Magistrate.

■ This court is aware from its handling of prisoner petitions that *pro se* actions are to be liberally construed so that a meritorious claim will not be deprived of its full day in court. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Plaintiff here proceeded at his administrative hearing without counsel, and the record reveals that, despite the best efforts of the administrative law judge, the hearing which started as an investigation into plaintiff's entitlement to disability under the Social Security Act metamorphasized into a "Kelly Girls" type of employment agency interview, with the administrative law judge and the vocational expert focusing on finding plaintiff a job, even to the point of telling plaintiff whom to see about getting a job at the Employment Security Commission. (Tr. 37). This court feels that the administrative law judge laudably attempted to help plaintiff out of his predicament by finding him a job but, in doing so, may have lost sight of the true purpose of the hearing. As often noted by the courts, the test under the Social Security Act is not whether a plaintiff could or could not get a job, but rather whether he could perform "substantial gainful activity." It is well known that one who disguises his ailments in a desperate attempt to find work may at first succeed only to suffer the consequences later. Unquestionably, this plaintiff would rather work than receive disability. Both he and the administrative law judge emphasized that fact (Tr. 36, 37); this court would also like to see him return to work. However, neither this court nor the administrative law judge should enter the employment agency business; the question at hand is a legal determination of disability. Although, as indicated, the court un-

derstands the good intentions of the administrative law judge's actions in setting up job counseling for plaintiff, the court must require that justice be done. Based on the employment suggestions offered, the transcript of the administrative hearing indicates that the administrative law judge had reached a conclusion before he had an opportunity to give full consideration to the entire record. For this reason, the court feels that a remand for a supplemental hearing at which plaintiff and his employed counsel could appear would serve to insure the appearance as well as the existence of total impartiality.

■ At the remand hearing, the court would suggest fuller inquiry into the basis of the vocational expert's opinion regarding plaintiff's residual ability to perform certain of the tasks enumerated by that expert. Several of these jobs, at least, appear to require better vision and depth perception than a person with one eye would possess; for instance the court wonders how a man who could not see anything approaching from his left side—(Tr. 29)—could work on the highways as a "joint filler"—(Tr. 35)—considering the presence of constant traffic; nor is it quite clear how such a person could work sorting bottles—(Tr. 35)—on a moving assembly line, completely defenseless to hazards approaching from the left, even if the assembly line did move right to left. A position as a parking lot attendant—(Tr. 33)—could also be dangerous to one with such limited vision. With these questions in the court's mind, the more prudent course is to remand the instant action for a supplemental hearing which will focus on plaintiff's physical and mental ability to perform substantial gainful activity. At such a hearing, the plaintiff and defendant may introduce any new or up-dated evidence available; in view of the court's uneasiness with the present vocational testimony, a residual functional capabilities inquiry may be of assistance to the Secretary and the court in making a final determination here.

For the reasons heretofore expressed, the instant action is remanded to the Secretary.[2]

AND IT IS SO ORDERED.

---

2. The court directs the Secretary to the case of *Hicks v. Califano*, 600 F.2d 1048 (4th Cir. 1979) in which the Court of Appeals ordered that the Secretary's February, 1979, regulations be applied to all cases pending on that date. These regulations, which establish presumptive disability for individuals with certain age, education and vocational factors, appear to presume disability for this individual of "advanced age" and "marginal education" if his mechanical skills are "non-transferrable." *See Hicks v. Califano, supra*, at 1050.