**Bud Lee FAINS**

v.

**Patricia HARRIS, Secretary of Health, Education and Welfare.**

**Civ. No. W–75–536.**

United States District Court, D. Maryland.

Oct. 25, 1979.

Maurice M. Bassan, Baltimore, Md., for plaintiff.

Russell T. Baker, Jr., U. S. Atty., Gale E. Rasin, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM OPINION

WATKINS, Senior District Judge.

This action is brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare (the Secretary), which denied plaintiff's claim for disability insurance benefits.

The case is currently before the Court on a motion by plaintiff to remand to the Secretary for further consideration and to

allow the presentation of evidence not previously submitted. That evidence consists primarily of medical records purportedly indicating a deterioration of plaintiff's physical condition from May 5, 1977 to May 22, 1978.

▮ It is unnecessary to consider plaintiff's additional evidence in light of the expiration of plaintiff's insured status on June 30, 1976. The law is clear that an impairment which becomes disabling subsequent to the expiration of a claimant's insured status cannot support a finding that claimant is entitled to disability benefits. *Harrah v. Richardson*, 446 F.2d 1 (4 Cir. 1971); *Roe v. Califano*, 433 F.Supp. 1157 (D.Md.1977). This principle holds true regardless of the increasing severity of the claimant's impairments at a later date. Unless the impairments were disabling prior to the expiration of the claimant's insured status, the claimant may not recover disability benefits. *Henry v. Gardner*, 381 F.2d 191 (6 Cir. 1967), *cert. denied*, 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487, *rehearing denied*, 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864; *Farmer v. Richardson*, 320 F.Supp. 421 (S.D.W.Va.1970); *Urgolites v. Finch*, 316 F.Supp. 1168 (W.D.Pa.1970); *Large v. Cohen*, 296 F.Supp. 255 (W.D.Va. 1969). Accordingly, the plaintiff's motion to remand must be denied.

Plaintiff also seeks judicial review of the Secretary's decision denying him disability benefits, alleging that the decision was not supported by "substantial evidence" as required under 42 U.S.C. § 405(g). In response to plaintiff's complaint, the government has filed a motion for summary judgment, claiming that no material facts are in dispute and that the only issue, whether the Secretary's decision is supported by substantial evidence, is one which may be decided as a matter of law.

In order for a claimant to be eligible for disability benefits, he must establish that he meets the definition of disability set forth in 42 U.S.C. § 423(d). That section defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a period of not less than twelve months . . . ." The section further explains the requirements an individual must satisfy in order to be under a disability within the meaning of the act:

[A]n individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial, gainful work which exists in the national economy . . . .

*Id.*

▮ The claimant possesses the burden of establishing a disability through the presentation of medical and other relevant evidence. 42 U.S.C. § 423(d)(5). Additionally, the Court, under 42 U.S.C. § 405(g), may not conduct a *de novo* hearing; it must examine the record to determine if substantial evidence supports the Secretary's decision. If such evidence exists, the Court is under a duty to affirm the decision, even if it believes that the decision was incorrect and it would have ruled otherwise on the merits. *Whiten v. Finch*, 437 F.2d 73 (4 Cir. 1971).

▮ The Fourth Circuit Court of Appeals has defined substantial evidence as:

evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then, there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4 Cir. 1966). In determining whether there is substantial evidence to support a decision by the Secretary, four elements of proof are to be considered:

1. the objective medical facts; . . .
2. the diagnoses and expert medical opinions of the treating and exam-

**32**

ining physicians on subsidiary questions of fact;

3. the subjective evidence of pain testified to by [the] Claimant and corroborated by [others];

4. [The] Claimant's educational background, work history, and present age.

*Underwood v. Ribicoff*, 298 F.2d 850, 851 (4 Cir. 1962).

Before applying the established standards, the Court also takes cognizance of the recent decision by the Fourth Circuit in *Hicks v. Califano*, 600 F.2d 1048 (4 Cir. 1979), and the new regulations promulgated by the Secretary of HEW effective February 26, 1979. In *Hicks*, the Fourth Circuit held these regulations to be applicable to a pending appeal for disability insurance benefits similar to the case at bar. The new regulations define the various factors to be considered in determining whether a claimant is under a disability. 20 C.F.R. §§ 404.1505 to 1511. The regulations also mandate findings of disability or the absence of disability when certain conditions are present; these are specifically delineated in several tables. 20 C.F.R. § 404.1513, Subpart P, Appendix 2. Because the new regulations require specific findings by an administrative law judge (ALJ) as to the quality of the claimant's previous work experience, the *Hicks* case was remanded for a determination as to whether the claimant's work was "unskilled," "semi-skilled," or "skilled," and whether the claimant's skills were "transferable" as defined by the regulations. 20 C.F.R. §§ 404.1511(b)–(e).

■ The Court believes that in the instant case the ALJ obtained sufficient information at the hearing to satisfy the new regulations. A vocational expert, Billy Montgomery, testified that since approximately 1955 the plaintiff had engaged in occupations which could be classified as semi-skilled. From 1955 to 1967 he served as a forklift operator and laborer in the steel industry, and from 1967 to 1969, he was an oiler in the steel industry. According to Montgomery, some of the skills derived from these positions were of such a nature as to be transferable to other jobs which plaintiff remained capable of performing. Montgomery testified that plaintiff would be qualified and physically able to work as a gas and oil man for any fleet operation or car rental agency. He also remarked that although it was harder to relocate an individual to another occupation if he was over fifty, the vocational rehabilitation program did have extensive experience in relocating people of similar ages.

The Court finds that there is substantial evidence that the claimant possessed semi-skilled transferable talents at the expiration of his insured status, despite the absence of a specific finding on this by the ALJ.

Claimant was 53 years old at the expiration of his insured status, which, under the new guidelines, would place him in the "individual approaching advanced age" category. When this age factor is combined with the claimant's semi-skilled work experience and limited education, as defined in § 404.-1507, the tables require a finding that claimant is not disabled.

Plaintiff has failed to meet his burden of proof in the instant case. Even under the newer standards more advantageous to a claimant, substantial evidence is present to show that the ALJ gave sufficient consideration to claimant's age, education, and past work experience. He found that plaintiff was not under a disability. After examining the record, the Court is satisfied that this determination is supported by substantial evidence, and the new regulations do not mandate a different conclusion. Accordingly, the government's motion for summary judgment will be granted.