**Thomas P. MURRAY, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Civ. No. 80–1970–E.**

United States District Court,
S. D. California.

Oct. 23, 1981.

Stephen W. Webster, O'Leno & Webster, San Marcos, Cal., for plaintiff.

M. James Lorenz, U. S. Atty., Stephen V. Petix, Asst. U. S. Atty., San Diego, Cal., for defendant.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services which found that the plaintiff's disability ceased in August 1979.

The plaintiff is a 48-year-old Army veteran. Since his retirement from the Army in 1969, the plaintiff has worked as a mechanical assembler, an engine rebuilder, and a salesman. He has received treatment for cervical spine disease, arthritis and hypertension at the Naval Regional Medical Center at Camp Pendleton since 1975. The plaintiff received disability benefits under the Social Security Act from February 1976 to October 1979. He completed the two-year degree program at Palomar College in July of 1979.

The diagnoses of two orthopedic surgeons, a neurologist and a chiropractor are outlined in detail in the transcript of record.

Plaintiff filed an application for a period of disability and disability insurance benefits on March 11, 1976, alleging that he became unable to work on June 28, 1973. Benefits were granted for a period of disability with an amended onset date of February 15, 1976. Pursuant to a continuing disability investigation, it was determined that the plaintiff was no longer disabled as of August 1979. His entitlement to benefits was terminated at the end of October 1979, the second month following the month in which his disability had ceased. The decision was affirmed on reconsideration. The Administrative Law Judge, before whom the plaintiff and his attorney appeared, considered the case *de novo*, and on July 18, 1980 found that plaintiff's entitlement to disability insurance benefits had terminated at the end of October 1979. The Administrative Law Judge's decision became the final decision of the Secretary of Health and Human Services when it was approved by the Appeals Council on October 21, 1980.

The defendant brought a Motion for Summary Judgment, which was heard on October 13, 1981.

Upon due consideration of the parties' memoranda and exhibits, and the arguments advanced at the hearing, the court grants the defendant's Motion for Summary Judgment.

## DISCUSSION

Under 42 U.S.C. § 405(g), the jurisdiction of the court is limited to determining whether proper legal standards were applied, and if so, whether there was substantial evidence to support the findings of the Secretary. *Griffis v. Weinberger*, 509 F.2d 837, 838 (9th Cir. 1975); *Flake v. Gardner*, 399 F.2d 532, 535, 540 (9th Cir. 1968). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole." *Celebrezze v. Bolas*, 316 F.2d 498, 501 (8th Cir. 1963). *See also, Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The term "disability" is defined by both section 216(i)(1)(A), 42 U.S.C. § 416(i)(1)(A), and section 223(d)(1)(A), 42 U.S.C. § 423(d)(1)(A), as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months.

Section 223(d)(2)(A), 42 U.S.C. § 423(d)(2)(A), states that an individual is to be determined to be under a disability:

only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Section 223(d)(3), 42 U.S.C. § 423(d)(3) continues:

[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

The Secretary of Health, Education and Welfare issued revised Social Security Administration Regulations on February 26, 1979. Subpart P of those regulations, §§ 404.1501–1598, inclusive, sets forth rules for the determination of disability and blindness. Section 404.1513 deals specifically with medical evidence of impairment. Appendix 2 of Subpart P provides "medical-vocational guidelines." When all factors (age, education, transferability of skills, work experience, and maximum level of sustained work capability) coincide with the criteria of the rule set forth in the tables, the rule directs a factual conclusion that the claimant is "disabled" or "not disabled," as specified in that rule.

The burden of proof rests upon the plaintiff to establish entitlement to disability insurance benefits under the Social Security Act. *Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971); *see also, Waters v. Gardner*, 452 F.2d 855, 859 (9th Cir. 1971).

Plaintiff asserts three bases for his appeal:

1. The reopening of the plaintiff's case to apply a new set of regulations was an unconstitutional denial of due process of law;

2. The Administrative Law Judge violated the so-called "one-shot" rule by relying on the medical opinion of a physician who saw the plaintiff only once, where there was contradictory medical evidence from the treating physician;

3. The Administrative Law Judge disregarded plaintiff's testimony regarding pain.

The plaintiff's bases for appeal are considered in order.

### A. Retroactive Application of Social Security Regulations

Plaintiff argues that because the new regulations did not become effective until February 1979, and his disability was determined to exist by action of the Secretary of Health, Education and Welfare in 1977 and 1978, the reopening of plaintiff's case was improper. However, the plaintiff presents no facts to show that his case was reopened because of the change in regulations and no case authority to indicate that retroactive application of the regulations was unconstitutional. The Secretary states that since the administrative decision terminating the plaintiff's disability benefits was issued subsequent to the effective date of the new regulations, the case was decided under these regulations on an inclusionary basis.

In *Vega v. Harris*, 636 F.2d 900 (2d Cir. 1980) and *Hicks v. Califano*, 600 F.2d 1048 (4th Cir. 1979), the Second and Fourth Circuits approved retroactive application of the medical-vocational guidelines where the regulations became effective while appeals were pending. Both courts noted that the express purpose of the regulations was "to consolidate and elaborate upon long-standing medical-vocational evaluation policies for adjudicating disability claims in which an individual's age, education, and work experience must be considered in addition to the medical condition." *Hicks, supra* at 1050, citing 43 Fed.Reg. 55,349 (1978). Explaining the need for these regulations, the Social Security Administration stated at the time the regulations were proposed that:

"[t]hese policies have in the past been reflected in fragmented guides and have not been readily available in the same format at all levels of adjudication...."

and "statements of policy in administrative material and training sessions may not have been fully shared with the Bureau of Hearings and Appeals." *Vega, supra* at 903, citing 43 Fed.Reg. 9285, 9291 (1978).

Both *Vega* and *Hicks* were remanded for consideration in light of the new regulations.

█ No cases speak directly to the plaintiff's claim that *reopening* of his case was unconstitutional. However, a review of the facts of the case and the policy behind the change in regulations demonstrates that plaintiff's claim must fail.

The plaintiff's disability benefits were terminated at the end of October 1979 pursuant to a continuing disability investigation. There are no facts to indicate that such a continuing investigation is not "routine" in cases where disability is not found to be permanent. Nor are there any facts to suggest that the reopening of the case was prompted by enactment of the new regulations. If, as shown in *Hicks* and *Vega*, the new regulations merely consolidated longstanding policies for medical-vocational evaluation, the result of the continuing investigation would have been the same under either set of rules, *i.e.*, the case would have been reopened and the plaintiff's disability benefits terminated. The revision of regulations was more a change in form than a change in substance.

B. *Weight Accorded Medical Evidence*

The plaintiff also claims that the Administrative Law Judge violated the so-called "one-shot" rule by relying on the opinion of a physician who saw the plaintiff only once, while rejecting the medical reports of treating physicians.

The circuits which have spoken on the issue differ in the weight accorded medical evidence from a non-treating physician who has seen the claimant only once. In *Perez v. Secretary of HEW*, 622 F.2d 1 (1st Cir. 1980) the First Circuit ruled that "it was within the Secretary's province to accord greater weight to the report received from . . . an internist designated by the Secretary," even where the report contradicted the findings of two treating physicians. *Id.* at 2. A finding of non-disability was affirmed. The Second Circuit has stated that "[t]he expert opinions of a treating physician as to the existence of a disability are binding on the factfinder unless contradicted by substantial evidence to the contrary." *McLaughlin v. Secretary of HEW*, 612 F.2d 701, 705 (2d Cir. 1980). Similarly, the Sixth Circuit ruled that the opinion of plaintiff's treating physician is entitled to weight substantially greater than that of a doctor who has seen the claimant only once. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *accord, Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980).

The Ninth Circuit's broad standard of review for final decisions of the Secretary of Health and Human Services was articulated in *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972), *cert. denied*, 409 U.S. 758, 93 S.Ct. 144, 34 L.Ed.2d 105 (1972), as follows:

On appeal to this court, the findings of the Secretary are conclusive if supported by substantial evidence looking to the record as a whole. *Id.* at 759.

The Ninth Circuit has not ruled on the specific issue of the weight to be accorded to reports of non-treating physicians. However, within the broad standard, the Administrative Law Judge is granted a good deal of discretion in weighing the evidence presented in each case. Thus, the Administrative Law Judge may place greater weight on the report of a non-treating physician where his findings are supported by substantial evidence looking to the record as a whole.

█ In the present case, the reports of the physicians are in conflict:

1. Dr. Stephen James, an orthopedic surgeon at the Naval Regional Medical Center at Camp Pendleton, reported that the plaintiff was unemployable. Dr. James treated the plaintiff over a period of time.

2. Dr. Ward Woods, a neurologist, stated that the plaintiff was permanently disabled from all but part-time sedentary work.

3. Dr. Paul C. Milling, an orthopedic surgeon, stated that his evaluation of the plaintiff revealed no physical limitations which would have precluded him from performing sedentary, light, or even medium-level work.

4. Raymond Rickards, a chiropractor, stated that the plaintiff's prognosis was poor, having examined the plaintiff after they had met at a local Lion's Club meeting.

Taking the record as a whole, and permitting reliance on the report of a non-treating physician, the decision of the Administrative Law Judge is supported by substantial evidence.

### C. Subjective Complaints of Pain

Lastly, the plaintiff argues that the Administrative Law Judge disregarded his testimony regarding pain.

Although pain, in and of itself, is recognized as a disabling factor for Social Security benefit purposes, it can constitute a disability only if it is not remediable or is such a degree of severity as to preclude an individual from engaging in any substantial gainful activity. *Harvey v. Finch*, 313 F.Supp. 323 (N.D.Cal.1970), *aff'd, Harvey v. Richardson*, 451 F.2d 589 (9th Cir. 1971). The inability of an individual to work without some pain or discomfort does not necessarily satisfy the test for disability under the Social Security Act. *Sorenson v. Weinberger*, 514 F.2d 1112 (9th Cir. 1975). Plaintiff has the burden of proving that the pain is disabling. *Mark v. Celebrezze*, 348 F.2d 289 (9th Cir. 1965).

The Administrative Law Judge took into account plaintiff's allegations of pain and found them not credible given the plaintiff's ability to attend Palomar College and obtain a degree. *See, Sorenson v. Weinberger*, 514 F.2d 1112 (9th Cir. 1975); *Rhinehart v. Finch*, 438 F.2d 920 (9th Cir. 1971). The plaintiff simply did not sustain his burden of proof on the issue of pain.