**Barbara M. SPROUSE, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health, Education and Welfare, Appellee.**

**No. 81–1574.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1982.

Decided May 7, 1982.

James MacQueen, Charlottesville, Va. (Charlottesville-Albemarle Legal Aid Society on brief), for appellant.

G. Wingate Grant, Asst. U. S. Atty., Richmond, Va. (Justin W. Williams, U. S. Atty., Alexandria, Va., David R. Culp, Acting Regional Atty., Gary S. Turetsky, Asst. Regional Atty., Region III, Dept. of Health and Human Services, Washington, D. C., on brief), for appellee.

Before BUTZNER, Circuit Judge, JOE M. INGRAHAM, Senior Circuit Judge for the Fifth Circuit, sitting by designation, and RUSSELL, Circuit Judge.

PER CURIAM:

Claimant Barbara M. Sprouse appeals the district court's affirmance of the Secretary's denial of her supplemental security income benefits[1] petition. She contends that the court below erred in applying regulatory changes[2] made while her case was pending, and in finding that the Secretary's decision was supported by substantial evidence. We affirm.

Claimant suffered from chest pains. She first sought both supplemental security income and Title II benefits in 1977, asserting that her condition had prevented her from working since 1970. A chest x-ray of claimant taken by the agency in August of 1977 revealed an enlarged heart condition of sufficient severity to qualify as a "listed impairment" under agency regulations. *See* 20 C.F.R. § 416.902(a) (1978).

The Secretary denied her application in 1978. On appeal in 1980, the district court granted the Secretary's summary judgment motion as to the Title II claim, but remanded the supplemental security income claim for further consideration. On remand, the Secretary again denied benefits, finding that claimant did not qualify because the April, 1979, revisions of regulations governing eligibility had eliminated the provision upon which she relied,[3] and, alternatively,

---

1. *See* 42 U.S.C. §§ 1381 *et seq.* (1974).

2. Claimant alleged an impairment consisting of "[c]hest discomfort on effort relieved by rest or nitroglycerin [w]ith: ... B. [h]eart enlargement as described under the criteria in § 402." That section includes a heart problem where there is a [c]ardiothoracic ratio of 55 percent or

greater ... as shown on teleroentgenograms (6-foot film)." *See* 20 C.F.R. § 404 Subpart I, Appendix 1, § 4.08 (1978). The reissued version, 20 C.F.R. § 404 Subpart P, Appendix 1 (1981) contains no equivalent provision.

3. *See* Note 2, *supra*.

because her evidence did not satisfy that provision anyway. The district court affirmed in April of 1981.

It is settled that the court applies "the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). This court has held that the Secretary must reconsider a denial of benefits in light of regulations issued *pendente lite*. *See Hicks v. Califano*, 600 F.2d 1048, 1050 (4th Cir. 1979); *see also, Vega v. Harris*, 636 F.2d 900, 904 (2d Cir. 1981). We see no reason why the same rule should not apply here.[4] As the reissued regulation eliminates the basis for claimant's assertion of eligibility, we need not consider her second contention.[5] Thus, the district court's decision should be

AFFIRMED.

---

4. A claimant does not acquire a vested right to benefits until he or she is adjudged eligible. Merely filing an application does not "vest" in the applicant any right to have eligibility judged according to regulations then in effect any more than filing a civil complaint "vests" in a plaintiff the right to have his or her action adjudicated according to the *law* then in effect.

5. The motion of claimant to supplement the record is granted. The additional affidavit which she submits to show her compliance with the former regulation's teleroentgenogram requirement, *see* Note 2, *supra.*, would not affect the decision below. *See King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979).