23 F.3d 400
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 William R. DICKERSON, Plaintiff-Appellant,
v.
Donna E. SHALAKA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-1292.
 United States Court of Appeals, Fourth Circuit.
 Argued May 26, 1993.
Decided May 9, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Charles T. Cunningham, Magistrate Judge. (CA-91-513-1)
 Deborah K. Garton, Hensley Muth, Garton & Hayes, Bluefield, W VA, for Appellant.
 Eileen Bradley, Chief Counsel, Region III, Robert S. Drum, Asst. Regional Counsel, Office of General Counsel, United States Department of Health & Human Services, Philadelphia, PA, Michael W. Carey, U.S. Atty., Stephen M. Horn, Asst. U.S. Atty., Charleston, West VA, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William R. Dickerson was denied disability and supplemental security income benefits by the Secretary of Health and Human Services in July 1990. Dickerson appeals from the magistrate judge's order affirming the Secretary's denial of benefits.[1]
 
 
 2
 Dickerson first filed an application for disability benefits in 1989, alleging disability due to breathing difficulties (diagnosed as "smoker's bronchitis"), back pain, high blood pressure, and alcoholism, all dating back to June 1984. His claims were denied initially and upon reconsideration. After a hearing before an administrative law judge, the Secretary concluded that, although Dickerson could not return to his past employment as a laborer, he retained the ability to perform specific light duty jobs identified by the testimony of a vocational expert.[2] The magistrate judge affirmed the Secretary's decision, finding it to be supported by substantial evidence. Dickerson noted a timely appeal.
 
 
 3
 Judicial review of a denial of disability benefits under the Social Security Act is limited to determining whether the findings of the Secretary are supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1988); Laws v. Celebrezze, 368 F.2d 640 (4th Cir.1966). Substantial evidence is defined as that "which a reasoning mind would accept as sufficient to support a particular conclusion." Id. at 642. To establish eligibility for disability benefits, a claimant must prove that he is unable to perform his previous work. See McLain v. Schweiker, 715 F.2d 866 (4th Cir.1983). The Secretary conceded that Dickerson could not return to his past relevant work.
 
 
 4
 The burden then shifted to the Secretary to show that the claimant had "sufficient residual functional capacity to engage in an alternative job existing in the national economy." Id. at 869. The Secretary met this burden through the testimony of John Proffitt, a vocational expert, that an individual with Dickerson's age and experience could perform certain specific jobs, despite the limitations imposed by his health problems.[3] Dickerson conceded that, while his physical impairments were not totally disabling and that he "could, from a physical standpoint, engage in a limited range of light work, this position cannot be maintained when one additionally considers Mr. Dickerson's mental disorders." (Brief of Appellant, p. 4). Dickerson contends in this appeal that the Secretary and the magistrate judge failed to properly evaluate and apply evidence of his alcoholism. (Brief of Appellant, p. 1).
 
 
 5
 Where there is evidence of alcohol abuse, the Secretary must inquire whether the claimant is addicted to alcohol and has lost the ability to control its use. Hicks v. Califano, 600 F.2d 1048, 1051 (4th Cir.1979). Disability benefits may not be denied because of a claimant's continued alcohol abuse "if the claimant is unable voluntarily to stop drinking." Gordon v. Schweiker, 725 F.2d 231 (4th Cir.1984).
 
 
 6
 The Secretary's decision was based upon the findings of its medical advisor, Dr. Hagen, as well as reports from several examining physicians and a social worker. Based on this evidence, we agree with the magistrate judge's conclusion that Dickerson had not lost the ability to control his drinking but that he "merely chose not to do anything" about it. Therefore, we affirm the magistrate judge's order upholding the Secretary's denial of disability benefits. We dispense with oral argument because the facts and legal contentions are ade quately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The parties consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C. Sec. 636(c) (1988)
 
 
 [2]
 Dickerson's past relevant work included laborer for Pepsi Cola Bottling Co., laborer for a construction company, truck driver, and park and playground maintenance worker. He has not worked since June 1984
 
 
 [3]
 These jobs included hospital cleaner, vehicle cleaner, cafeteria attendant, fast food restaurant cleaner, machine tender, or motel cleaner