902 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rita PERKINS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2674.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1990.
Decided April 17, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (CA-88-54-C-C-M)
 Frederick Ronald Stann, Gastonia, N.C., argued, for appellant.
 Clifford Carson Marshall, Jr., Assistant United States Attorney, Charlotte, N.C., for appellee.
 Thomas J. Ashcraft, United States Attorney, Charles E. Lyons, Assistant United States Attorney, Charlotte, N.C., on brief.
 W.D.N.C.
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rita D. Perkins appeals the order of the district court affirming the Secretary's denial of her claim for disability benefits under Title XVI of the Social Security Act, as amended, 42 U.S.C.A. Secs. 1381, et seq. (West 1983 & Supp.1989). She contends that the decision of the Secretary is not supported by substantial evidence. Specifically, she alleges that the Secretary erred by failing to give requisite weight to the opinion of her treating physician. She also contends that the Secretary erred by not considering the testimony of a vocational expert in response to a hypothetical question proffered by her counsel. We reverse and remand for an award of benefits.
 
 I.
 
 2
 Perkins filed an application for supplemental security income benefits in March 1986 alleging disability due to a nervous condition and headaches. Her claim was denied initially and on reconsideration. After a hearing before an Administrative Law Judge (ALJ) the Secretary also denied the claim, finding that Perkins had "the residual functional capacity to perform a wide range of light work." On judicial review the district court affirmed the Secretary's decision, finding that it was supported by substantial evidence.
 
 
 3
 Perkins is 44 years of age and was last employed in 1972. She suffered a nervous breakdown in 1979 and has since been hospitalized five times for treatment of depression. It is undisputed that Perkins has serious mental problems and suffers from persistent depression and anxiety. She has also been hospitalized twice for physical ailments, but claims her dominant impairment is her mental condition. She testified that her daily activities include cooking for her daughter, performing light cleaning, and washing clothes. She also visits the grocery store and the post office once or twice a month and enjoys working with crafts.
 
 
 4
 Dr. Einar Pustrom, Perkins' treating physician, stated on a psychiatric disability report form that Perkins "could not maintain [a] regular working schedule." Although he also responded "no" to the question of whether Perkins had difficulty concentrating, the medical summary attached to the ALJ's decision noted that Perkins often had difficulty concentrating during tasks.
 
 
 5
 At the administrative hearing, the ALJ asked a vocational expert, Dr. James G. Carr, the following hypothetical question:
 
 
 6
 Q. Dr. Carr, assume that I find on the basis of the credible record before me for a full relevant period that the claimant's demonstrated exertional impairments reflect the residual functional capacity for a wide range of light work on a sustained basis, and assume further that she has demonstrated certain significant non-exertional impairments, principally relating to depression, headaches and scoliosis, which would prevent her from doing any work of a skilled or semi-skilled nature.
 
 
 7
 She would be precluded from working in a stressful work setting where she would have to meet production goals or where there would be excessive noise or vibration. She would be precluded from working in a job that required strict application of strict concentration to a single task throughout the day.
 
 
 8
 (Emphasis added.) Dr. Carr responded that based on these facts there were positions, primarily packing and machine-tending, in the general area that Perkins could perform. Perkins' counsel then asked Dr. Carr the following question:
 
 
 9
 Q. And if you add to the [ALJ's] hypothetical the fact that Miss Perkins has the recurrent episodes of depression as specified in her file, that when she is depressed she would be out of work, that she could not maintain a regular work schedule, that when she has the migraine headaches she would not be able to work, if you add those fact[s] [to] the hypothetical [so] that she would have an irregular work schedule, would she be able to do any of those jobs or would she maintain employment in any of those jobs?
 
 
 10
 A. No, sir.
 
 
 11
 (Emphasis added.)
 
 II.
 
 12
 The scope of judicial review of the Secretary's factual findings is limited to whether they are supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West 1983); 42 U.S.C.A. Sec. 1383(c)(3) (West Supp.1989); Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is:
 
 
 13
 "[E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.' "
 
 
 14
 Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)).
 
 
 15
 It is well-established that the opinion of a treating physician is entitled to great weight and may be disregarded only if there is persuasive contradictory evidence. Coffman v. Bowen, 829 F.2d 514, 517-18 (4th Cir.1987); Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983). Here, the only evidence that could possibly contradict the treating physician's opinion that Perkins cannot maintain a regular working schedule is the response of the vocational expert to the misleading hypothetical question posed by the ALJ. The ALJ assumed in his hypothesis that Perkins possessed the residual functional capacity for a wide range of light work on a sustained basis, even though the only evidence in the record concerning this issue indicated that she could not maintain a regular work schedule. An affirmative answer to a hypothetical question does not constitute substantial evidence when the hypothesis fails to conform to the facts. Swaim v. Califano, 599 F.2d 1309, 1312 (4th Cir.1979).
 
 
 16
 Therefore, because there is no evidence contradicting the opinion of Perkins' treating physician, the finding by the Secretary that Perkins is not disabled is not supported by substantial evidence. Our conclusion is buttressed by the vocational expert's negative response to the hypothetical question framed by Perkins' counsel that correctly reflected the treating physician's opinion. Accordingly, we reverse and remand for an award of benefits.
 
 REVERSED AND REMANDED WITH INSTRUCTIONS